UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

Christopher G.,[1]

        Plaintiff,

  v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

23-CV-0433-LJV
DECISION & ORDER

─────────────────────────────────

On May 16, 2023, the plaintiff, Christopher G. ("Christopher"), brought this action under the Social Security Act ("the Act").  Docket Item 1.  He seeks review of the determination by the Commissioner of Social Security ("Commissioner") that he was not disabled.[2]  *Id.*  On August 16, 2023, Christopher moved for judgment on the pleadings, Docket Item 6; on September 14, 2023, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 8; and on September 28, 2023, Christopher replied, Docket Item 9.

─────────────────

[1] To protect the privacy interests of Social Security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial.  Standing Order, Identification of Non-Government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

[2] Christopher applied for both Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), but he withdrew his application for DIB at the hearing held on July 6, 2022.  Docket Item 5 at 46, 51-52.  SSI is paid to a person with a disability who also demonstrates financial need.  42 U.S.C. § 1382(a).  A qualified individual may receive both DIB and SSI, and the Social Security Administration uses the same five-step evaluation process to determine eligibility for both programs.  *See* 20 C.F.R. §§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

For the reasons that follow, this Court denies Christopher's motion and grants the Commissioner's cross-motion.[3]

## <u>STANDARD OF REVIEW</u>

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id*. This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (alterations omitted) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

"Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "The substantial evidence standard means once an ALJ finds facts, [the court] can reject those facts only if a reasonable fact finder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks and citation omitted) (emphasis in original); *see McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to

---

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and refers only to the facts necessary to explain its decision.

more than one rational interpretation, the Commissioner's conclusion must be upheld."). But "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

## DISCUSSION

### I.   THE ALJ'S DECISION

On August 3, 2022, the ALJ found that Christopher had not been under a disability since filing his protective application for SSI on June 23, 2020.  *See* Docket Item 5 at 38.  The ALJ's decision was based on the five-step sequential evaluation process under 20 C.F.R. §§ 404.1520(a) and 416.920(a).  *See id.*

At step one, the ALJ found that Christopher had not engaged in substantial gainful activity since June 23, 2020, his amended alleged onset date.  *Id.* at 25.  At step two, the ALJ found that Christopher suffered from several severe, medically determinable impairments: "chronic obstructive pulmonary disease ('COPD') without exacerbation; depressive disorder; bipolar disorder; PTSD; and substance abuse disorder (alcohol, cocaine, heroin, and marijuana) in remission since 2018 with short relapses in July 2021 and March 2022."  *Id.*

At step three, the ALJ found that Christopher's severe, medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *See id.* at 25-29.  More specifically, the ALJ found that Christopher's physical impairments did not meet or medically equal listing 3.02

(epilepsy), *id.* at 25, and that Christopher's mental impairments did not meet or

medically equal listing 12.04 (depressive, bipolar, or related disorders) or 12.15 (trauma

and stressor related disorders), *id.* at 25-26.  In assessing Christopher's mental

impairments, the ALJ found that Christopher was moderately limited in (1)

understanding, remembering, or applying information; (2) interacting with others; (3)

concentrating, persisting, or maintaining pace; and (4) adapting or managing himself.

*Id.* at 26-28.

        The ALJ then found that Christopher had the residual functional capacity

("RFC")[4] to "perform light work as defined in 20 C.F.R. [§] 416.967(b) except" that:

> [Christopher] can frequently stoop.   [He] cannot tolerate
> concentrated exposure to extreme cold, wetness, humidity, or
> pulmonary irritants.  [He] can understand, remember, and carry out
> very short and simple instructions and perform simple routine tasks
> for [two]-hour periods with regular breaks and mealtime to complete
> an [eight]-hour workday.   [He] can make simple work-related
> decisions.  He can respond to changes in the work setting that occur
> occasionally.  [He] can perform goal-oriented work, where the work
> focuses on things rather than people.  He can have no interaction
> with the public or engage in tandem work.  [He] will be off task [ten]
> percent of a workday due to interference from his symptoms.

*Id.* at 29.

        At step four, the ALJ found that Christopher had no past relevant work.  *Id.* at 36.

But given Christopher's age, education, and RFC, the ALJ found at step five that

Christopher could perform substantial gainful activity as a cleaner, housekeeping,

---

[4] A claimant's RFC is the most "an individual can still do despite his or her
limitations . . . in an ordinary work setting on a regular and continuing basis."  SSR 96-
8p, 1996 WL 374184, at *2 (July 2, 1996).  "A 'regular and continuing basis' means 8
hours a day, for 5 days a week, or an equivalent work schedule."  *Id.*; *see Melville v.
Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

classifier, or marker II.  *Id.* at 37; *see Dictionary of Occupational Titles* 323.687-014, 1991 WL 672783 (Jan. 1, 2016); *id.* at 361.687-014, 1991 WL 672991; *id.* at 920.687-126, 1991 WL 687992.  The ALJ therefore found that Christopher had not been under a disability or entitled to SSI since June 23, 2020.  *See* Docket Item 5 at 37.

## II.   ALLEGATIONS

Christopher argues that the ALJ erred in two ways.  Docket Item 6-1 at 1.  First, he argues that the ALJ's ten percent off-task limitation was not supported by "an explanation or evidence in the record."  *Id.* at 9.  Second, he argues that "the ALJ's decision improperly relied on [Christopher's] history of substance abuse to find [him] not disabled."  *Id.* at 15.  For the reasons that follow, this Court disagrees.

## III.   ANALYSIS

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole."  *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order); *accord Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022).  But that does not mean that the RFC needs to "perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision," *Matta*, 508 F. App'x at 56, or even be based on opinion evidence, *see Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019) (summary order).  As long as the ALJ considers all the medical evidence and appropriately analyzes the medical opinions, an RFC consistent with the record is not error.  *See* 20 C.F.R. §§ 404.1545, 416.945; *see also Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (holding that remand is not necessary "[w]here an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an

5

adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence").

### A.  OFF-TASK LIMITATION

Christopher first argues that the ALJ's finding that he would be "off-task" ten percent of the time was unsupported by any "explanation or evidence in the record including opinions."  Docket Item 6-1 at 9.  And it is true that there is no opinion in the record explicitly finding that Christopher would be off task ten percent of the workday; in fact, there is no opinion in the record about any sort of off-task limitation.  But the ALJ certainly did not err to Christopher's detriment by concluding that Christopher had a *more* restrictive RFC than suggested by any of the opinions in the record.  *See Ramsey v. Comm'r of Soc. Sec.,* 830 F. App'x 37, 39 (2d Cir. 2020); *see also Lesanti v. Comm'r of Soc. Sec.,* 436 F. Supp.3d 639, 649 (W.D.N.Y. 2020) ("It appears the ALJ credited Plaintiff's testimony that she could not focus and was easily distracted . . . and assessed a more generous limitation of 5% off-task time.  The fact that the ALJ afforded Plaintiff the benefit of the doubt and included a 5% off-task time limitation in the RFC assessment is not grounds for remand.").

Christopher's argument—that a court should remand when an ALJ finds a claimant to be *more* restricted than the medical providers opined—makes no sense and would turn the Social Security review process on its head.  *See, e.g., Danielle S. v. Comm'r of Soc. Sec.,* 516 F. Supp.3d 286, 291 (W.D.N.Y. 2021) ("As to the ALJ's assessment of a stress limitation more restrictive than that identified by Dr. Santarpia, this is not a basis for remand."); *Orlando A. v. Comm'r of Soc. Sec.,* 2023 WL 5344934, at *4 (W.D.N.Y. Aug. 21, 2023) ("Moreover, even if the ALJ erred with respect to Dr.

Siddiqui's opinion, Plaintiff failed to demonstrate prejudice warranting remand . . ..  The ALJ's assessment of physical limitations more restrictive than Dr. Siddiqui identified is not a basis for remand . . ..").  Taken to its logical conclusion, Christopher's argument suggests that if the ALJ agreed entirely with all of the opinion evidence and crafted a less restrictive RFC without any off-task limitation, the ALJ would not have erred.  On remand, then, the ALJ could simply do just that.  And that, of course, means that remanding makes no sense.

What is more, by including the ten percent off-task limitation, the ALJ made it more likely that Christopher would be found to have a disability, as the vocational expert had to opine whether someone with Christopher's limitations could still work with the additional off-task limitation.  Docket Item 5 at 73.  So contrary to Christopher's assertion, the ALJ could not have included the off-task limitation simply to avoid "find[ing him] disabled."  Docket Item 6-1 at 13.

In sum, by giving Christopher the benefit of the doubt and including an off-task limitation about which no medical provider opined, the ALJ made a decision that benefitted Christopher.  Christopher's first argument therefore lacks merit.

### B.  DRUG ADDICTION AND ALCOHOLISM ("DAA")

Christopher also argues that the ALJ's "disability decision should have addressed only symptoms, but the ALJ improperly addressed symptoms being caused by substance abuse."  Docket Item 6-1 at 14.  Again, this Court disagrees.

The regulations provide that an ALJ should evaluate the consistency of a claimant's complaints with the entire record, and lists frequency of treatment, effectiveness of medications, and precipitating and aggravating factors (such as

substance abuse) as some of the many factors that the ALJ can consider.  *See* 20 C.F.R. §§ 404.1529(c)(3)-(4), 416.929(c)(3)-(4); SSR 16-3p.  Here, the ALJ mentioned Christopher's history of substance abuse without discounting or limiting the RFC based on that history.  And Christopher's argument therefore is misplaced.[5]

The Act provides that "[a]n individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled."  42 U.S.C. § 423(d)(2)(C).  The key to determining whether alcoholism or drug addiction is a material contributing factor is whether the claimant still would meet the definition of disabled under the Act if he stopped using alcohol or drugs.  20 C.F.R. §§ 404.1535(b)(1), and 416.935(b)(1).  If the claimant's remaining limitations would not be disabling, his DAA is a material contributing factor, and benefits will be denied.  20 C.F.R. § 404.1535(b)(2), and 416.935(b)(2).  On the other hand, if the claimant's remaining limitations are disabling apart from DAA, the claimant is disabled independent of his DAA, and disability benefits will be granted.  20 C.F.R. §§ 404.1535(c), and 416.935(c).

---

[5] Christopher argues that the ALJ committed an error identical to the one requiring remand in *Colbert v. Comm'r of Soc. Sec.,* 2019 WL 6648562, at *4 (W.D.N.Y. Dec. 6, 2019).  *See* Docket Item 6-1 at 16-17.  In *Colbert,* remand was necessary because the ALJ's "decision suggests that he may have discounted limitations associated with [the claimant's] impairments because he concluded that they were caused, or substantially exacerbated, by Colbert's ongoing substance abuse issues." 2019 WL 6648562, at *4.  This error left the reviewing court unable "to determine that the ALJ followed the appropriate regulatory analysis" and therefore "'create[d] an unacceptable risk that [the] claimant [was] deprived of the right to have [his] disability determination made according to the correct legal principles." *Id.* at 5 (internal citations omitted). Here, on the other hand, the ALJ properly determined Christopher's RFC without discounting any limitations based on his history of substance abuse.  And here, the ALJ applied the correct legal standard and explained that Christopher's substance abuse was not material to the issue of disability.  Docket Item 5 at 37-38.  So contrary to Christopher's assertion, *Colbert* is inapposite.

When substance abuse "cannot be parsed out from mental health limitations, substance abuse cannot be held material to a finding of disability." *Williams v. Colvin*, 2016 WL 1553443, at *1 (W.D.N.Y. Apr. 18, 2016); *see also Frankhauser v. Barnhart*, 403 F. Supp.2d 261, 274 (W.D.N.Y. 2005) ("When it is not possible to separate mental restrictions and limitations imposed by the DAA and the various mental disorders shown by the evidence, a finding of 'not material' will be appropriate." (quoting SSA Emergency Teletype, "Questions and Answers Concerning DAA from July 2, 1996 Teleconference—Medical Adjudicators—ACTIONS," August 30, 1996, Answer 29)).  In other words, an ALJ "will find that DAA is not material to the determination of disability and allow the claim if the record is fully developed and the evidence does not establish that the claimant's co-occurring mental disorder(s) would improve to the point of nondisability in the absence of DAA."  SSR 13-2p, 2013 WL 621536, at *9.

Contrary to Christopher's assertion that "the ALJ's decision focuses on [his] substance abuse as a cause of [his] limitations," Docket Item 6-1 at 16, the evidence upon which the ALJ relied did not include his substance abuse.  For example, in limiting Christopher to work at a light exertional level, the ALJ noted that she "considered [Christopher's] testimony that he went bike riding and did some walking," *id.* at 57-58, as well as his "complaints of shortness of breath with heavy lifting," *id.* at 36, 59.  The ALJ accounted for that shortness of breath by limiting Christopher's "exposure to pulmonary irritants, cold, wetness, and humidity."  *Id.* at 36.  Likewise, the ALJ considered Christopher's "complaints of occasional sciatica," *id.* at 707, 881, 883, 897, 900, 995, by limiting him to frequent stooping.  *Id.* at 36.  And the ALJ addressed Christopher's "subjective complaints of difficulty working in groups, problems trusting others, and

relationship issues," *id.* at 57, 656, 682, 965, 987, by limiting him to no interaction with the public and no work in tandem with others.  *Id.* at 36.

What is more, although not required under the Act, the ALJ found that Christopher's substance dependency was not material to the issue of disability.  Docket Item 5 at 37-38; *see also Smith v. Colvin,* 2016 WL 1170910, at *7 (D. Conn. Mar. 23, 2016) ("Under the Act . . . we make a DAA materiality determination only when: [w]e have medical evidence from an acceptable medical source establishing that a claimant has a Substance Use Disorder, and [w]e find that the claimant is disabled considering all impairments, including the DAA.") (internal quotations and citations omitted).  More specifically, the ALJ noted that "the record does not support a finding that [Christopher] was disabled even consider[ing his] substance abuse, primarily because he only has moderate limitations despite his continued use to which he honestly testified."  Docket Item 5 at 38.  The ALJ further opined that Christopher's "substance abuse would not be material to the issue of disability because there is little evidence to disentangle [Christopher's] substance abuse limitations from those caused by his other mental impairments."  *Id.*

Indeed, the ALJ never correlated Christopher's substance abuse with any RFC limitations or suggested that his symptoms would improve if he did not suffer from a substance abuse disorder.  Thus, the ALJ did not improperly address or rely on Christopher's substance abuse to support her RFC finding.

## CONCLUSION

The ALJ's decision was not contrary to the substantial evidence in the record, nor did it result from any legal error.  Therefore, and for the reasons stated above, Christopher's motion for judgment on the pleadings, Docket Item 6-1, is DENIED, and the Commissioner's cross-motion for judgment on the pleadings, Docket Item 8-1, is GRANTED.  The complaint is DISMISSED, and the Clerk of Court shall close the file.


SO ORDERED.

Dated:          September 26, 2024
                Buffalo, New York


_Lawrence J. Vilardo_
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE